UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC RAY ALLEN,<br><br>                        Petitioner,<br><br>v.<br><br>C. LIVSEY,<br><br>                        Respondent. | Case No.: 18cv1862-JLS-LL<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>**[ECF No. 7]** |

      This Report and Recommendation is submitted to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

      On August 8, 2018, Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1 ("Pet.")]. Currently before the Court is Respondent's Motion to Dismiss. ECF No. 7. Petitioner did not file an opposition. See Docket. The Court has considered the Petition, Respondent's Motion to Dismiss, and all other documents submitted by the Parties. For the reasons set forth below, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** and that the Petition be **DISMISSED WITHOUT PREJUDICE**.

# ANALYSIS

As an initial matter, although Petitioner filed his Petition under 28 U.S.C. § 2241, Petitioner's use of this form is incorrect. Petitioner is in state custody pursuant to a state-court judgment of conviction. Pet. at 1, 38. Consequently, 28 U.S.C. § 2254 is the governing law, even though Petitioner appears to be challenging a prison disciplinary proceeding. See White v. Lambert, 370 F.3d 1002, 1006-07 (9th Cir. 2004) (holding that § 2254 is the proper jurisdictional basis for a habeas petition brought by an individual "in custody pursuant to a state court judgment."); Guadarrama v. Small, 2010 U.S. Dist. LEXIS 81872, at *2 n.1 (S.D. Cal. Aug. 9, 2010) (noting the court had construed petition filed pursuant to 28 U.S.C. § 2241 as a 28 U.S.C. § 2254 petition where petitioner was a state prisoner attacking the validity of a disciplinary proceeding).

Under 28 U.S.C. § 2254, a federal court may not generally consider a petition for habeas corpus unless the petitioner has first presented his claims to the state courts, thereby "exhausting" them. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 522, (1982). "[E]xhaustion of state remedies requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" Duncan v. Henry, 513 U.S. 364, 365 (per curiam) (citations and internal quotation marks omitted).

To satisfy the exhaustion requirement, Petitioner must demonstrate that: (1) "he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it"; or (2) "that no state remedy remains available." Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

Here, Petitioner asserts claims directed to a purported 2016 disciplinary decision that resulted in a loss of time credits. Pet. at 4-6, 34-35, 43-44. From the record before the Court, Petitioner's claims were presented to and denied by the California Superior Court and California Court of Appeals. Id. at 34-35, 43-45. However, there is no evidence on the record that Petitioner ever raised these claims to the California Supreme Court.

The Court has accessed the electronic data base for the California state courts in order to determine whether records of any filings by Petitioner to the California Supreme Court are contained therein. The Court was not able to find any indication that Petitioner sought review from the California Supreme Court on his 2016 claims. Instead, Petitioner's latest filing to the California Supreme Court appears to have occurred in 2003. In addition, Petitioner appears to impliedly concede his 2016 claims are not exhausted by noting in his Petition that he is challenging a decision by the California Court of Appeals—and not the California Supreme Court. Id. at 2.

For these reasons, the instant Petition is unexhausted and subject to dismissal without prejudice.[1] See Hearn v. Neotti, 2011 U.S. Dist. LEXIS 101317, at *3-5 (S.D. Cal. July 13, 2011) (granting motion to dismiss where it was clear petitioner failed to present his claims to California Supreme Court); Baker v. Hornbeak, 2009 U.S. Dist. LEXIS 124130, at *11 (S.D. Cal. Nov. 18, 2009) ("To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition."). See also Patrick v. Wasco State Prison, 2016 U.S. Dist. LEXIS 13113, at *4 (C.D. Cal. Feb. 2, 2016) (unexhausted petition where claims had not been raised to California Supreme Court was subject to dismissal without prejudice); Valencia v. Allison, 2010 U.S. Dist. LEXIS 102105, at *7 (E.D. Cal. Sep. 16, 2010) ("The Court cannot consider a petition that is entirely unexhausted.").

///

///

///

---

[1] Although it is possible Petitioner's claims may be procedurally defaulted, neither Party has addressed this issue. Further, even if the procedural default doctrine could apply in this case, the Court declines to "jump ahead" and "predetermine that the California Supreme Court" will reject Petitioner's claims. See Gonzalez v. Kane, 2006 U.S. Dist. LEXIS 27344, at *4 (N.D. Cal. Apr. 27, 2006).

3

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an order: (1) approving and adopting this Report and Recommendation; (2) **GRANTING** Respondent's Motion to Dismiss; and (3) directing that judgment be entered **DENYING** the Petition **WITHOUT PREJUDICE** for lack of exhaustion.

**IT IS HEREBY ORDERED** that no later than **May 31, 2019**, any party to this action may file written objections with this Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **June 14, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: May 1, 2019

Honorable Linda Lopez
United States Magistrate Judge

4